**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-7424

JEFFREY A. PERRY,

              Plaintiff - Appellant,

       v.

BARBRA MEADE, Medical Department; JOHN DOE, Nurse Practitioner; JOHN DOE, Nurse Practitioner; JANE DOE, Nurse Practitioner,

              Defendants - Appellees,

       and

RAPPAHANNOCK REGIONAL JAIL, Medical Department; JOSEPH HIGGS, Superintendent,

              Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, District Judge.  (1:17-cv-00588-AJT-TCB)

Submitted:  March 15, 2018                    Decided:  March 27, 2018

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Jeffrey Allen Perry, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Allen Perry appeals the district court's order dismissing his second amended 42 U.S.C. § 1983 (2012) complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1) (2012). For the reasons that follow, we vacate the district court's dismissal of Perry's claims against John Doe (one), Jane Doe, and John Doe (two) (collectively, "Defendants") and remand for further proceedings on those claims.[1]

"We review de novo a district court's dismissal under 28 U.S.C. § 1915A for failure to state a claim, applying the same standards as those for reviewing a dismissal under Fed. R. Civ. P. 12(b)(6)." *De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013). We "must construe all factual allegations [in the complaint] in the light most favorable to the plaintiff." *Wilcox v. Brown*, 877 F.3d 161, 166-67 (4th Cir. 2017). "A plaintiff has stated a claim when he alleges facts allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 166. (internal quotation marks omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint must contain "only enough facts to state a claim to relief that is plausible on its face").

---

[1] Although the district court also dismissed claims against the remaining defendants, Perry does not argue in his informal brief that the district court erred in dismissing those claims. *See* 4th Cir. R. 34(b) (recognizing that we limit our review to issues raised in informal brief); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014).

In his second amended complaint, Perry alleged that, while he was incarcerated at the Rappahannock Regional Jail from 2015 to 2016, Defendants, who are medical professionals, were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. Perry specifically alleged that he repeatedly complained of intense pain and rectal bleeding and dizziness, but that Defendants either ignored his requests for medical treatment or prescribed ineffective courses of treatment without conducting medical examinations. Perry further alleged that he informed Defendants that the prescribed treatment was ineffective and that his condition had worsened, yet Defendants persisted in that course of treatment. Eventually, Perry was diagnosed with internal hemorrhoids and required a five-day hospitalization and a blood transfusion due to blood loss.[2] The district court dismissed Perry's claims because Defendants met with Perry and offered advice or prescribed medication.

"A prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson*, 775 F.3d at 178. "The plaintiff must demonstrate that the [defendant] acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The objective element of a deliberate indifference claim is satisfied by a serious medical need, and a medical condition is serious when it has "been diagnosed by a

---

[2] According to Perry, his treating physician at the hospital stated that the medication prescribed by John Doe (one) and John Doe (two) was "useless" for treating his condition.

4

physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (alteration and internal quotation marks omitted), *cert. denied sub nom. Phillip v. Scinto*, 138 S. Ct. 447 (2017). The subjective element of an Eighth Amendment claim is satisfied by showing that a defendant was "deliberately indifferent," which means that the defendant knew of and disregarded "the risk posed by the serious medical needs of the inmate." *Iko*, 535 F.3d at 241. "[M]ere negligence" does not constitute deliberate indifference; rather, "the plaintiff must show that the [defendant] was aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], *and* . . .dr[ew] th[at] inference." *Scinto*, 841 F.3d at 225 (internal quotation marks omitted); *see Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998).

We conclude that Perry alleged plausible deliberate indifference claims against Defendants. First, objectively, the medical condition Perry alleged constitutes a serious medical need. As to the subjective element, while Defendants prescribed medication or offered advice to Perry, that alone does not foreclose Perry's claims. *See De'lonta*, 708 F.3d at 526 (holding that, even if defendants "provided [plaintiff] with *some* treatment . . . , it does not follow that [defendants] have necessarily provided *constitutionally adequate* treatment"). Indeed, Perry alleged that he repeatedly informed Defendants that the treatment plan was ineffective and that his bleeding and pain had worsened, but Defendants failed to change course. *See Cesal v. Moats*, 851 F.3d 714, 723 (7th Cir. 2017) ("Continuing an ineffective treatment plan . . . may evidence deliberate indifference."); *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990) (recognizing same).

5

Significantly, while under Defendants' care or immediately thereafter, Perry's condition deteriorated to the point that he required hospitalization for five days and a blood transfusion. *See Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (recognizing that treatment later received may be considered in determining whether medical professional continued ineffective treatment plan). These facts are sufficient to plausibly allege the subjective element of a deliberate indifference claim. *See Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011) ("[Plaintiff's] allegations that the medical defendants knowingly ignored his complaints of pain by continuing with a course of treatment that was ineffective and less efficacious without exercising professional judgment are sufficient to state a claim.").

Accordingly, we vacate the district court's dismissal of Perry's deliberate indifference claims against John Doe (one), Jane Doe, and John Doe (two), and we remand for further proceedings on those claims. We express no opinion on the ultimate disposition of Perry's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*